HLD-009                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2984
_____

IN RE:  DANIEL MATTHEWS,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to 03-cr-00072-007)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 2, 2012

Before:   MCKEE, Chief Judge, ALDISERT and GARTH, Circuit Judges

(Opinion filed: September 11, 2012)
_____

OPINION
_____

PER CURIAM

Pro se petitioner Daniel Matthews seeks a writ of mandamus to compel the United

States District Court for the Western District of Pennsylvania to rule on his pending 28

U.S.C. § 2255 motion.  Matthews filed the motion in December 2010 after the District

Court granted him leave to withdraw or amend his earlier filings.  See United States v.

Miller, 197 F.3d 644, 649 (3d Cir. 1999) ("To avoid making successive claims,

petitioners must marshal in one § 2255 writ all the arguments they have to collaterally

attack their convictions.").  After requesting and receiving extensions of time for the

response period, the government filed a response to Matthews' petition in March 2011. Matthews' reply was received by the District Court in June 2011. Since that time activity -- including motions filed by Matthews for bail, reconsideration, and copies as well as action on some of those motions -- has been reflected on the District Court's docket.

Mandamus is an appropriate remedy only in the most extraordinary of situations. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To justify such a remedy, a petitioner must demonstrate that he has a clear and indisputable right to issuance of the writ. See Kerr v. U.S. Dist. Court for N. Dist. of Cal., 426 U.S. 394, 403 (1976); DeMasi v. Weiss, 669 F.2d 114, 117 (3d Cir. 1982). It is well-settled that the manner in which a District Court disposes of the cases on its docket is committed to its sound discretion. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Nonetheless, mandamus may be warranted where a district court's delay is tantamount to a failure to exercise jurisdiction. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

In Matthews' case, we conclude that the extent of the delay has not yet risen to a level warranting an extraordinary remedy, because the case has not been dormant for any significant period. See id. The District Court has exercised jurisdiction by ruling on motions filed by Matthews. Indeed, the most recent activity on Matthews' petition occurred in July 2012 when the District Court ruled on his motion for copies of pleadings. Given this attention, some of it quite recent, we are confident that the District Court will rule on Matthews' § 2255 motion without unnecessary delay.

Accordingly, we will deny the petition for a writ of mandamus.